The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
Defendant's Motion to Dismiss, filed 20 May 1997 and held in abeyance by Order of Chairman J. Howard Bunn, Jr., filed 11 June 1997 until hearing, is hereby DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All parties are properly before the Industrial Commission and the Commission has jurisdiction over the parties and the subject matter pursuant to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employee/employer relationship existed between the plaintiff and the defendant/employer.
3. At all relevant times, defendant/employer maintained workers' compensation insurance by and through Aetna Life 
Casualty Company.
4. Plaintiff's average weekly wage was $382.29.
5. All of plaintiff's medical records were stipulated into evidence as part of the Pre-Trial Agreement.
6. The issues before this Commission are (i) whether plaintiff sustained a compensable injury by accident, (ii) and, if so, what benefits, if any, plaintiff is entitled and (iii) whether plaintiff is entitled to attorney's fees from defendant.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a female who was thirty years old on the date of the hearing. She completed high school. As of May 28, 1993 and the hearing date she was married with no children.
2. Plaintiff alleges that on or about May 29, 1993, she sustained an injury by accident while working for defendant, which resulted in injury to her back. However, the greater weight of the credible evidence fails to establish that such an accident occurred.
3. Plaintiff testified that on May 28, 1993, she was stacking up boxes when her back popped. She allegedly reported this to her supervisor, Dave Smith, the same day. Plaintiff claimed that she went to the emergency room at Presbyterian Hospital over the weekend. However, the testimony is contradicted by other evidence or lack thereof, and is not found to be credible for the reasons more specifically set out herein.
4. The Accident Report completed by Dave Smith is dated 1 June 1993, and shows that plaintiff first reported this alleged incident to a supervisor on Monday, May 31, 1993. Although plaintiff claimed she was seen at Presbyterian Hospital that weekend, the parties were unable to locate any records of plaintiff being seen there during that time.
5. Plaintiff's own testimony at the hearing, as well as her prior statements were unclear as to the reason for her back pain. At the hearing, plaintiff alleged a specific pop in her back, but also said she told Dave Smith that she hurt her back either carrying or kicking boxes. On Tuesday, 1 June 1993, plaintiff told the area manager, Donna Fedukovich, that she thought her back pain was due to "female problems". In relating a history to Dr. Tsahakis, when she first saw him on June 3, 1993, plaintiff indicated that she had low back pain the day after she had been carrying boxes in the warehouse.
6. Plaintiff came under the care of Dr. Tsahakis, of the Miller Orthopaedic Clinic. Dr. Tsahakis diagnosed a low back strain. Dr. Tsahakis referred plaintiff for physical therapy and gave her Advil and other anti-inflammatory medicine. Plaintiff did not attend many of her scheduled physical therapy sessions.
7. Although plaintiff continued to complain of pain, objective tests and examinations failed to reveal any basis for her pain complaints. Plaintiff's complaints appeared exaggerated, and on examination, she showed five (5) out of five (5) positive Waddell's signs, an indication of inappropriate behavior. A CAT Scan showed no disc rupture and no pressure on the nerves. A MRI done on August 26, 1993, showed a bulge at L5-S1, but no evidence of nerve compression.
8. On plaintiff's August 17, 1993 visit, Dr. Tsahakis reviewed the results of a CAT Scan and explained it to plaintiff. He released her to return to work.
9. Sometime in late 1993, plaintiff was pregnant and suffered a miscarriage. In her subsequent visits to Dr. Tsahakis in 1994, plaintiff appeared tearful and complained bitterly of pain, though Dr. Tsahakis still could find no objective basis for her complaints. Dr. Tsahakis referred her for a functional capacity evaluation, which she failed to attend.
10. The evidence fails to support plaintiff's allegation that on or about May 28, 1993, she sustained a specific traumatic incident which resulted in a back injury. Even if plaintiff's testimony as to this incident was found to be credible, the evidence fails to establish that any such accident resulted in injury, which is the basis for plaintiff's ongoing complaints of pain. The extent of any such injury was a back strain. Objective examinations and tests fail to demonstrate any explanation for plaintiff's pain complaints and show that such complaints are magnified.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff failed to prove by the greater weight of the evidence that she sustained a compensable injury by accident on or about May 28, 1993. North Carolina General Statute Section97-2(6).
2. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. North Carolina General Statute Section 97-2(6).
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is DENIED.
2. Each side shall bear its own costs.
This the _____ day of August, 1997.
 S/ ____________ THERESA B. STEPHENSON DEPUTY COMMISSIONER
CONCURRING:
S/ ____________ LAURA K. MAVRETIC COMMISSIONER
S/ ____________ W. BAIN JONES, JR. DEPUTY COMMISSIONER